IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MORDHORST CLEANING, LLC D/B/A BLUE RIBBON
EXTERIORS & CONSTRUCTION, A Colorado Limited
Liability Corporation.

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant.

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states as follows:

1.    Defendant Allstate is a named defendant in Civil Action No. 2021CV32163, captioned *Mordhorst Cleaning, LLC d/b/a Blue Ribbon Exteriors & Construction v. Allstate Insurance Company,* in Denver County District Court (the "State Court Action"). Plaintiffs filed a Complaint and Jury Demand in the State Court Action with the Clerk of the District Court of Denver County, Colorado on July 8, 2021. (See, *Complaint*, attached hereto as **Exhibit A**.)

2.    Plaintiff served a Summons and Complaint on the Defendant through its agent CT Corporation on July 9, 2021. (See, *Return of Service,* attached hereto as **Exhibit B**.)

Copies of the Summons and Civil Case Cover Sheet served on Defendant are attached hereto as **Exhibit C** and **Exhibit D.**

3. This Notice of Removal is filed with this Court within thirty (30) days after the Plaintiff's Complaint was served on Defendant setting forth the claims for relief upon which Plaintiff's action is based.

4. This Court has jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Plaintiff is a Limited Liability Company organized under the laws of the state of Colorado. (See **Exhibit E**, Articles of Organization of Mordhorst Cleaning, LLC) The Articles of Organization identify its LLC member as Richard W. Mordhorst.

6. At all relevant times, Defendant Allstate Insurance Company was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. (**Exhibit A**, ¶ 2 and **Exhibit F**, Colorado Secretary of State Certificate of Fact of Existence.) Allstate Insurance Company is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

7. The underlying event for Plaintiff's claim against Defendant is a hailstorm that is alleged to have damaged property located at 2631 Cottonwood Drive, Denver, CO 80221. (**Exhibit A,** ¶¶ 9, 15) Plaintiff alleges that the storm caused significant damage to the Property. (**Exhibit A**, ¶ 17)

8. Plaintiff alleges that Defendant has acted in bad faith with regard to Plaintiff's claim. (**Exhibit A**, ¶ 54)

9.    Plaintiff brings claims against Defendant for (1) Breach of Contract, (2) Statutory Bad Faith under C.R.S. 10-3-1115 and 10-3-1116, and (3) Common Law Bad Faith.

10.    Plaintiff alleges that Allstate failed to compensate Plaintiff for the full costs to repair the damages to the Property due to a covered loss. (**Exhibit A**, ¶ 46) Plaintiff further asserts that Allstate has denied and delayed payment of benefits to Plaintiff without a reasonable basis. (**Exhibit A**, ¶ 49)

11.    When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

12.    Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

13.    Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicates that it seeks a monetary judgment of "more than $100,000", excluding attorney fees, interest, and costs. (*See* **Exhibit D**) Plaintiff's representation on its civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. See *Paros Props. LLC v. Colo. Cas. Ins. Co.,* 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant

14.    The Complaint's request for an award of attorney fees under C.R.S. § 10-3-1116

alone in a case involving relief of this nature places the amount in controversy over the $75,000 threshold. (See **Exhibit A**, ¶ 51.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); See also, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011). Although the fees cannot be calculated with certainty at this juncture, it is undisputed that substantial attorneys' fees will be incurred in this matter. See also, e.g., Order Re: Plaintiff's Motion *for Entry of Final Judgment with Attorney Fees and Costs, Cronan v. American Family Insurance* (Arapahoe Cty. Dist. Ct., Case No. 2015CV32192, Mar. 2, 2017) (awarding $151,177.50 in attorney fees under C.R.S. § 10-3-1116, in a case involving property damage to a home).

15. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

16. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interests and costs.

17. Defendant disputes that it owes the alleged damages to the extent claimed by Plaintiff, and disputes that it owes any amount for damages pursuant to C.R.S. §10-3-1116.

18. No waiver, and no admission of fact, law, or liability, including, without

limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

19. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

20. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . ."

21. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as there is no forum defendant who has been properly joined and properly served and the parties are residents of different states. Plaintiff is a Colorado entity and Allstate Insurance Company is incorporated in Illinois with its principal place of business in Illinois.

22. Pursuant to D.C.Colo.LCIVR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court case.

23. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCIVR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the State Court clerk's office. Pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders" are attached hereto. (See Delay Reduction Order attached as **Exhibit G**.)

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Denver County District Court to the United States District Court of Colorado.

DATED: July 30, 2021[1]

---

[1] Under Local Rule 5.1(d), the Notice of Electronic Filing "generated by CM/ECF constitutes a certificate of service." For that reason, no separate certificate of service is attached here.

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
Cheri R. Lazar
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com and
crl@tucker- holmes.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David W. Hannum
Jon M. Topolewslci
Robinson & Henry, PC
1975 Research Parkway, Suite 100
Colorado Springs, CO 80920


 *s/ Karin Lewis*
Karin Lewis, Legal Assistant