| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>1437 Bannock Street Denver, CO 80202 | DATE FILED: July 8, 2021 2:08 PM<br>FILING ID: 2F436051A8D80<br>CASE NUMBER: 2021CV32163 |
| **MORDHORST CLEANING, LLC D/B/A BLUE RIBBON EXTERIORS & CONSTRUCTION**, a Colorado Limited Liability Corporation.<br>*Plaintiffs*<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY,** a Foreign Corporation.<br>*Defendant.* | |
| **Robinson & Henry, PC**<br>David W. Hannum, #48985<br>Jon M. Topolewski, #52318<br>1975 Research Parkway, Suite 100<br>Colorado Springs, CO 80920<br>Phone Number: 303.688.0944<br>Fax Number: 719.599.5569<br>david@robinsonandhenry.com<br>jon@robinsonandhenry.com<br>*Attorneys for Plaintiff* | ▲COURT USE ONLY▲<br><br>Case No.:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Mordhorst Cleaning, LLC d/b/a Blue Ribbon Exteriors & Construction, a Colorado Limited Liability Corporation (hereinafter "Plaintiff") by and through his attorneys, Robinson & Henry, P.C., for his complaint against Defendant, Allstate Insurance Company (hereinafter "Defendant") alleges as follows:

### I. PARTIES

1. Plaintiff Mordhorst Cleaning, LLC d/b/a Blue Ribbon Exteriors & Construction is a Colorado Limited Liability Corp in the State of Colorado.

2. Defendant Allstate is a foreign corporation that, at all times relevant to the allegations contained herein, does business in the State of Colorado.

3. At all relevant times, Defendant Allstate was engaged in the business of insurance.

### II. VENUE AND JURISDICTION

EXHIBIT A

4. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

5. Venue in the District Court of the County of Denver, State of Colorado is proper in this matter pursuant to Colo. R. Civ. P. 98(c)(1).

6. The Court has personal jurisdiction over Defendant as a result of their conduct of business in the State of Colorado, thus availing themselves to the jurisdiction of the Colorado Courts.

7. The District Court in the County of Denver, State of Colorado possesses subject matter jurisdiction over this case pursuant to Article 6, Section 9 of the Constitution of the State of Colorado.

### III. GENERAL ALLEGATIONS

8. This matter concerns an insurance policy issued to Wayne Cox under Policy Number 007 322 097 (hereinafter the "Policy") which is attached and incorporated in full herein. See Attached Exhibit A – Allstate Policy

9. The Policy insures a property located at 2631 Cottonwood Drive, Denver, Colorado 80221-3212 developed with a main home and a detached storage structure (hereinafter the "Property").

10. At all relevant times, the Policy covered the Property for "sudden and accidental direct physical loss to the Property including the dwelling (Coverage A) and other structures located on the Property (Coverage B) "…except as limited or excluded in the policy".

11. At all relevant times, the Policy did not exclude damage to the Property due to a windstorm and hail weather occurrence.

12. At all relevant times, the Policy covered sudden and accidental direct physical loss to the Property due to a windstorm and hail weather occurrence.

13. Pursuant to the Policy, Defendant contracted to pay the "Actual Cost Value" of any portion of the Property damaged by a covered loss.

14. Pursuant to the Policy, Defendant further contracted to "…make additional payment to reimburse [Mr. Cox] for cost in excess of the "Actual Cost Value" if [Mr. Cox] repair[ed], rebuil[t], or replace[d] damaged, destroyed or stolen covered property…"

15. On August 4, 2020, a claim was opened under the Policy for damage to the Property due to a windstorm and hail occurrence.

16. Wayne Cox hired Plaintiff to assess and repair damage the windstorm and hail occurrence caused to the Property.

17. During Plaintiff's evaluation of the damage, it was discovered that the windstorm and hail had caused significant damage to the property including to both the main home and the detached storage structure. The damage included damage to the roof of both the home and the storage structure, the gutters and downspouts, siding and paint.

18. After removing shingling form the roof, Plaintiff discovered further damage to the roof decking as depicted in photographs that were provided to Defendant. *See* <u>Exhibit B – Photographs of Damaged Decking</u>.

19. Plaintiff prepared a Statement of Work/Summary outlining the necessary work to repair the Property as the result of damage from the windstorm and hail weather occurrence. *See* <u>Exhibit C – Plaintiff Project Summary</u>.

20. Plaintiff provided <u>Exhibit C – Plaintiff Project Summary</u> to Defendant and demanded payment as outlined therein.

21. Defendant denied payment on several the claims contained in <u>Exhibit C – Plaintiff Project Summary</u>.

22. Defendant denied payment and has not made any payment for Plaintiff's CAD Measurements totaling $85.00.

23. Defendant denied payment and has not made any payment for Plaintiff's permit fee totaling $124.00.

24. Defendant denied payment and has not made any payment for Plaintiff's Project Management Hours totaling $1,160.00.

25. Defendant approved some of the repairs to the roof, the gutters and to repaint the property.

26. Defendant knew that separate subcontractors were required for the roof, the gutters and for painting.

27. Defendant knew that it is usual and customary in the construction industry that when multiple contractors are required to complete a project, a general contractor like Plaintiff who oversees the project will assess additional fees for overhead and profit.

28. Defendant denied payment and has not made any payment for Plaintiff's overhead and profit as the general contractor totaling $3,694.00.

29. In many instances, Defendant has unilaterally repriced Plaintiff's costs for materials and labors at a rate lower than what is usual and customary.

30. To reprice Plaintiff's costs, Defendant has relied on third party software including but not limited to Xactimate.

31. The Policy does not contain any agreement between Defendant and its' insured to utilize Xactimate or like software to determine the cost for covered damage.

32. Defendant agreed to cover damage to 32 square feet of decking.

33. Plaintiff individually or through its representative advised Defendant, however, that repairing only this 32 square foot portion of the decking was not possible. The roof decking is an interconnected unit and replacing only this portion would leave a ¼' offset creating a construction defect/building envelope issue that was not present before.

34. Plaintiff has completed all repairs consistent with Exhibit C – Plaintiff Project Summary at a cost of $39,201.41.

35. The Policy allows for assignment of rights under the policy from the insured homeowner to third parties such as Plaintiff.

36. To date, Defendant has not made any payments for damage to the Property due to the windstorm and hail weather occurrence.

37. To date, Plaintiff and the insured, Wayne Cox, have complied with all requests for information made by Defendants.

38. To date, Plaintiff and the insured, Wayne Cox, have complied with all Section I Conditions contained in the Policy.

39. On October 23, 2020, Wayne Cox executed a valid assignment which assigned all of his rights and obligations under the Policy to Plaintiff including the right to pursue legal action against Defendant in pursuit of claims.

### IV. FIRST CLAIM FOR RELIEF
*Breach of Contract*

40. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

41. Sometime prior to the Incident, Wayne Cox entered into a contract with Defendant for the purpose of providing Insurance.

42. The Policy was in effect at all relevant times.

43. Plaintiff is the assigned beneficiary of Defendant's Policy and is therefore entitled to enforce its terms.

44. The Policy allows for assignment of rights under the policy from the insured homeowner to third parties such as Plaintiff.

45. Pursuant to the Policy and Colorado law, Defendant owed Plaintiff, as assignee, various duties under the Policy including but not limited to timely pay for the costs to repair and/or replace damage caused by a covered loss.

46. Defendant breached the duties owed to Plaintiff by failing to appropriately compensate Plaintiff for the full cost to repair the damages to the Property due to a covered loss.

47. As the assigned beneficiary, Plaintiff is entitled to be compensated by Defendant for the full cost to repair the damages caused by the covered loss.

## V.   SECOND CLAIM FOR RELIEF
*Statutory Bad Faith § 10-3-1115 & CRS § 10-3-1116*

48. Plaintiff incorporates all prior allegations as though fully set forth herein.

49. Defendant has denied and delayed payment of benefits to Plaintiff, as the assignee of benefits owed to its' insured, Wayne Cox, without a reasonable basis for its action.

50. Defendant' unreasonable position and conduct has caused Plaintiff damage by the loss of the benefits owed to it and which Defendant should have previously paid.

51. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered benefits plus reasonable attorney's fees and court costs.

## VI.   THIRD CLAIM FOR RELIEF
*Common Law Bad Faith*

52. Plaintiff incorporates all prior allegations as though fully set forth herein.

53. Defendant owed Plaintiff, as the assignee of its' insured, Wayne Cox, a duty to act in good faith in reviewing, investigating, interpreting and adjusting the Claim.

54. Defendant breached their duties to Plaintiff as an assignee of its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling Plaintiff to institute litigation to recover benefits afforded under the Policy;
   b. Favoring the interests of Defendant, an insurer, over those of Plaintiff, an assignee of the insured, to whom Defendant owes fiduciary and statutory duties;
   c. Failing or delaying payment of reasonable compensation for the damages and losses sustained;
   d. Failing to interpret the Policy and coverage consistent with the provisions thereof;
   e. Failing to reasonably investigate the claim;
   f. Failing to effectively and appropriately communicate with Plaintiff regarding its denial of coverage;

      g. Basing coverage decisions on unreliable and inaccurate third-party resources that fail to appropriately reflect current usual and customary costs of goods and labor;
      h. Failing to consider the full amount of damages and losses incurred;
      i. Issuing a coverage decision and denial of benefits without a reasonable basis;
      j. Making a coverage decision that would result in the creation of a construction defect that was not previously present.
      k. Incompetently handling Plaintiff's claim.

55.     Defendant' actions were unreasonable.

56.     Defendant knew its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

57.     As a direct result of Defendant's breaches of its duties to Plaintiff as the assignee of its insured, Plaintiff has been damaged including, but not necessarily limited to:

      a. Being forced to incur additional costs in litigation;
      b. Experiencing personal and professional financial hardships;
      c. Enduring the mental distress and emotional trauma of being unnecessarily involved in a lawsuit with Defendant

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in his favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and other relief this Court deems just and proper.

## PLAINTIFF REQUESTS A JURY OF SIX.

Respectfully, submitted on this 6th day of July, 2021.

      **ROBINSON & HENRY, P.C.**

By: */s/ Jon M. Topolewski*
     Jon M. Topolewski, #52318
     *Attorneys for Plaintiff*